UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

Proceedings: (IN CHAMBERS)
**ORDER RE PLAINTIFF'S MOTION TO REMAND [9]**

## I. INTRODUCTION

Pending before the Court is Plaintiff Kelvin Jankins's ("Plaintiff") Motion to Remand. (*See* Dkt. No. 9 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion but **DENIES** his request for attorneys' fees.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiff is a California resident who was employed by Wells Fargo as a customer service banker.[1] (*See* Dkt. No. 1-1 (hereinafter, "Compl.") ¶¶ 2, 14.) Defendant Wells Fargo Bank, N.A. ("WFB") is a national banking association with its main office located in Sioux Falls, South Dakota. (*See* Dkt. No. 1 (hereinafter, "Removal") ¶ 8.) Defendant Wells Fargo & Co. ("WFC") is a Delaware corporation with its principal place of business in California.[2] (Compl. ¶ 4.)

---

[1] Whether Plaintiff's employer was Wells Fargo & Co. or Wells Fargo Bank, N.A. is the subject of the instant Motion.

[2] The Court will refer to WFC and WFB collectively as "Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

During his employment, between November 1, 2014 and October 1, 2015, Plaintiff claims he received bug bites on his body while working. (*Id.* ¶ 16.) Around June 1, 2015, Plaintiff and his fellow employees determined that the Wells Fargo[3] facility where they worked was infested with bedbugs. (*Id.* ¶ 18.) Around October 1, 2015, one of Plaintiff's bites became infected. (*See id.* ¶ 19.) Along with other employees, Plaintiff reported the bug bites to their team leader. (*Id.*) After reporting their suspicions, Wells Fargo sent the employees a notice that exterminators would treat the facility. (*See id.*)

On November 19, 2015, Plaintiff notified his manager that he suffered from Lupus and, as a result, required a medical leave of absence. (*See id.* ¶ 20.) On November 21, 2015, Plaintiff alleges that a bedbug again bit him while at work. (*Id.* ¶ 21.) Following a doctor's appointment later that day, Plaintiff faxed his employer a doctor's note stating that he required a disability leave until January 23, 2016. (*See id.* ¶ 22.) In addition, Plaintiff claims that he faxed a copy of this doctor's note to Wells Fargo's Department of Human Resources on November 22, 2015. (*See id.* ¶ 23.) On November 23, 2015, Plaintiff also informed Liberty Mutual, which handles Wells Fargo's workers' compensation claims, that his doctor placed him on disability leave. (*See id.* ¶ 24.)

Plaintiff alleges that he provided Defendants with a follow-up doctor's note on January 17, 2016, which extended his medical leave to April 15, 2016.[4] (*See id.* ¶ 25.) Plaintiff claims that Wells Fargo's leave manager refused to grant his request for additional leave. (*Id.* ¶ 26.) On February 10, 2016, Plaintiff received a letter that Liberty Mutual declined to approve his leave and that he would be terminated on February 16, 2016. (*See id.* ¶ 27.) Plaintiff avers that he immediately contacted his manager and offered to provide additional documentation regarding his medical leave, but was told his only options were to resign or be terminated. (*See id.*) Plaintiff was terminated that same day. (*See id.* ¶ 29.)

---

[3] Plaintiff's Complaint does not differentiate between WFC and WFB. Thus, it is unclear when he refers to "Wells Fargo" to which entity he is referring.

[4] In Plaintiff's Complaint, (*see* Compl. ¶ 25), and Motion, (*see* Mot. at 4) the dates of the follow-up doctor's appointment and medical leave extension are "January 17, 2015" and "April 15, 2015." Given Plaintiff's alleged timeline of events to that point, the Court assumes this was an error and the two events occurred in 2016.

Case 2:17-cv-00887-BRO-AJW Document 15 Filed 03/29/17 Page 3 of 11 Page ID #:387

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

On July 12, 2016, Plaintiff filed an administrative complaint under California's Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"). (*See id.* ¶ 9.) In response, DFEH issued Plaintiff a Notice of Case Closure and Right to Sue Letter. (*See id.*)

### B. Procedural Background

Plaintiff filed this action on January 4, 2017, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"). (*See* Compl.) Plaintiff alleges the following nine state law causes of action: (1) retaliation, in violation of California Labor Code section 1102.5; (2) retaliation, in violation of California Labor Code section 98.6; (3) discrimination, in violation of California Government Code section 12940 *et seq.*; (4) retaliation, in violation of California Government Code section 12940 *et seq.*; (5) failure to prevent discrimination and retaliation, in violation of California Government Code section 12940(k); (6) failure to provide reasonable accommodations for a known disability, in violation of California Government Code section 12940(m); (7) failure to engage in a good faith interactive process, in violation of California Government Code section 12940(n); (8) declaratory judgment; and, (9) wrongful termination, in violation of California Labor Code section 1102.5(b). (*See id.* ¶¶ 35–110.)

Defendants removed the action to this Court on February 3, 2017. (*See* Removal.) Plaintiff filed the instant Motion on March 3, 2017. (*See* Mot.) On March 13, 2017, Defendants opposed the Motion. (*See* Dkt. No. 10 (hereinafter, "Opp'n").) Plaintiff replied on March 20, 2017. (*See* Dkt. No. 11 (hereinafter, "Reply").) Along with his Reply, Plaintiff filed evidentiary objections, in which he objects to portions of the evidence Defendants provided along with their Opposition. (*See* Dkt. No. 12 (hereinafter, "Pl. Obj.").) Likewise, on March 22, 2017, Defendants filed Objections to evidence Plaintiff submitted along with his Reply. (*See* Dkt. No. 14 (hereinafter, "Def. Obj.").)

### III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant

Case 2:17-cv-00887-BRO-AJW Document 15 Filed 03/29/17 Page 4 of 11 Page ID #:388

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

to the diversity statute, 28 U.S.C. § 1332. Under § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The United States Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants. A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder exists, and the non-diverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "A merely defective statement of the plaintiff's action does not warrant removal." *Albi v. St. & Smith Publ'ns, Inc.*, 140 F.2d 310, 312 (9th Cir. 1944). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Id.*

District courts may consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory"). Thus, a court may consider extrinsic evidence to determine whether "discrete and undisputed facts" would preclude recovery against the

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

non-diverse defendants. *Hunter*, 582 F.3d at 1044 (internal quotation marks omitted); *see also Porter v. Nationwide Mut. Ins. Co.*, No. 2:16-cv-1933-JAM-AC, 2017 WL 772139, at *2 (E.D. Cal. Feb. 28, 2017) (explaining that the court may consider "summary judgment-type evidence" when deciding fraudulent joinder (internal quotation marks omitted)). The Ninth Circuit adopted the view that because the party seeking removal bears the burden of demonstrating fraudulent joinder, "'the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.'" *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004)).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* Nevertheless, removal is proper in cases involving a non-diverse defendant where the non-diverse defendant was fraudulently joined. *See Gardner v. UICI*, 508 F.3d 559, 560 (9th Cir. 2007).

## IV. EVIDENTIARY OBJECTIONS

As noted above, both Plaintiff and Defendants filed evidentiary objections to evidence the opposing party presents. (*See* Pl. Obj.; Def. Obj.) Plaintiff objects to Exhibit 9 attached to the Declaration of Rachel P. Howard, which includes verdict summaries for eight cases. (*See* Pl. Obj; *see also* Declaration of Rachel P. Howard (Dkt. No. 10-1), Ex. 8.) Plaintiff objects on hearsay, relevance, and undue prejudice grounds. (*Id.*) Defendants provide the jury verdict summaries to support their contention that the amount in controversy exceeds $75,000. (*See* Opp'n at 15.)

As noted above, in ruling on a motion to remand, courts "may 'view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists,' including summary judgment-type evidence." *Cardroom Int'l LLC v. Scheinberg*, No. 12–02870 MMM (AGRx), 2012 WL 2263330, at *4 n.12 (C.D. Cal. June 18, 2012) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). It is not clear that the Ninth Circuit or the Federal Rules of Civil Procedure require evidence considered in support of or in opposition to a motion to remand be admissible. *See id.* (explaining that while Federal Rule of Civil Procedure 56(e) requires evidence presented in support

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

of a motion for summary judgment be admissible, the Federal Rules of Civil Procedure "contain no such requirement with respect to a motion to remand" (internal quotation marks omitted)). Rather, according to the United States Supreme Court, when a plaintiff challenges a defendant's assertion of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Johnson v. Sunrise Senior Living Mgmt., Inc.*, No. CV 16-00443-BRO (RAOx), 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016) (citing *Dart*, 135 S. Ct. 547, 554 (2014)).

In any event, the Court does not rely on the verdict summaries in reaching its decision, regardless. Accordingly, Plaintiff's evidentiary objections are **OVERRULED as moot**. *See Carillo v. Schneider Logistics Trans-Loading & Dist., Inc.*, No. 2:11–cv–8557–CAS(DTBx), 2014 WL 172516, at *3 (C.D. Cal. Jan. 14, 2014); *see also Playboy Enters., Inc. v. Terri Welles, Inc.*, 78 F. Supp. 2d 1066, 1100 (S.D. Cal. 1999) (overruling as moot objections to evidence the court did not rely on in deciding the motion), *aff'd in part, rev'd in part on other grounds sub nom. Playboy Enters., Inc. v. Welles*, 279 F.3d 796 (9th Cir. 2002).

Defendants object to paragraph 3 of the Declaration of Mallory Sepler-King, which Plaintiff provided along with his Reply and which states "Mr. Jankins' personnel file . . . contained an employee evaluation indicating his employer to be Wells Fargo & Company." (*See* Def. Obj.; *see also* Declaration of Mallory Sepler-King (Dkt. No. 11-1) ¶ 3.) Defendants contend that Ms. Sepler-King's statement is speculative, lacks foundation, and calls for an improper legal conclusion. Whether WFC is Plaintiff's employer is the legal issue discussed in this Motion. Accordingly, the Court **SUSTAINS** Defendants' objection on improper legal conclusion grounds, and the Court does not rely on Ms. Sepler-King's characterization of the proffered employment evaluation in reaching its decision.

//

//

## V.    DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

Plaintiff argues that this Court lacks subject matter jurisdiction and the action should be remanded to Los Angeles Superior Court because: (1) the diversity of citizenship requirement is not met; and, (2) the amount in controversy is not satisfied. (*See* Mot.) Defendants maintain that this Court has jurisdiction because WFC—the only Defendant destroying complete diversity—is a sham defendant and the amount in controversy is satisfied. (*See* Opp'n.) For the following reasons, the Court finds that WFC is not a sham defendant; thus, complete diversity is destroyed, and the Court lacks subject matter jurisdiction.

### A. Whether WFC is a Sham Defendant

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris*, 236 F.3d at 1067 (quoting *McCabe*, 811 F.2d at 1339). Defendants have the burden of proving that Defendant WFC is a sham Defendant "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); see also *York v. Riddell, Inc.*, EDCV 15-02015-VAP (SPx), 2016 WL 738419, at *5 (C.D. Cal. Feb. 23, 2016) ("Defendants alleging fraudulent joinder must 'prove that individuals joined in the action cannot be liable on any theory.'" (quoting *Ritchey*, 139 F.3d at 1318)). As noted above, when determining whether a defendant has met its burden, the Court may look to the face of the plaintiff's complaint, as well as to additional "summary judgment type evidence." *Morris*, 236 F.3d at 1068. Accordingly, if a "non-fanciful possibility" that a plaintiff can state a viable claim against the allegedly fraudulent defendant exists, the Court must remand the action. *See Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009).

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Rather, "[t]he defendant must also show that there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Id.* (emphasis added) (internal quotation marks omitted). In other words, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Nasrawi v.*

Case 2:17-cv-00887-BRO-AJW Document 15 Filed 03/29/17 Page 8 of 11 Page ID #:392

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

*Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (alterations and internal quotation marks omitted); *see also Rader v. Sun Life Assurance Co. of Can.*, 941 F. Supp. 2d 1191, 1194 (N.D. Cal. 2013) ("The defendant must demonstrate that plaintiff has no possibility of establishing a cause of action in state court against the sham defendant."). If there is a possibility that Plaintiff could amend the pleading to state a cause of action against the allegedly sham defendant, then remand is warranted. *See Padilla*, 697 F. Supp. 2d at 1159.

Defendants aver that there are no viable claims against WFC because: (1) WFC was never Plaintiff's employer or joint employer, but rather is only WFB's parent company; and, (2) liability cannot be imputed to WFC under any other possible theory of liability. (*See* Opp'n at 4–12.) Plaintiff contends that WFC was his joint employer. (*See* Reply at 2.)

"Under California law, claims for unpaid wages may be asserted only against the employer." *Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015). In determining whether a defendant is a joint employer under FEHA, California courts consider the "'totality of circumstances' that reflect upon the nature of the work relationship of the parties." *Kasperzyk v. Shetler Sec. Servs., Inc.*, No. C-13-3358 EMC, 2014 WL 1760040, at *6 (N.D. Cal. May 2, 2014) (citing *Vernon v. State*, 116 Cal. App. 4th 114, 124 (Cal. Ct. App. 2004)). "The key factor to consider in analyzing whether an entity is an employer is 'the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed.'" *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 682 (9th Cir. 2009) (citing *Serv. Emps. Int'l Union v. County of Los Angeles*, 225 Cal. App. 3d 761, 769 (Cal. Ct. App. 1990). "A finding of the right to control employment requires . . . a comprehensive and immediate level of 'day-to-day' authority over employment decisions." *Id.* (citing *Vernon*, 116 Cal. App. 4th at 127–28); *see also Vernon*, 116 Cal. App. 4th at 124–26 (explaining that "[t]here is no magic formula for determining whether an organization is a joint employer," and that relevant factors include, among others, the payment of salary, the ownership of the equipment required to perform the job, the location where the work is performed, and the right to control the means and manner of the worker's performance).

Defendants claim that "Plaintiff does not provide any support for an allegation that [WFC] was his joint employer." (Opp'n at 11.) Plaintiff, on the other hand, argues that he has a good faith belief WFC was his joint employer because Plaintiff: (1) was "subject

Case 2:17-cv-00887-BRO-AJW Document 15 Filed 03/29/17 Page 9 of 11 Page ID #:393

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

to the policies and rules" of WFC; (2) was "bound by those policies in his day-to-day operations"; and, (3) his performance was evaluated based on WFC's policies. (Reply at 2.) Part of the evidence Defendants provide to the Court (and that Plaintiff also provides along with his Reply) is an employee evaluation indicating that Plaintiff was evaluated under WFC's employment standard, and his performance was measured—at least in part—based on WFC's "Vision" and "Strategy." (See Declaration of Mallory Sepler-King (Dkt. No. 11-1 (hereinafter, "Sepler-King Decl."), Ex. B at 9[5]; see also Declaration of Marcia Kerwin (Dkt. No. 10-1) (hereinafter, "Kerwin Decl."), Ex. 7 at 56.) As the "key factor" in determining a joint employer relationship includes whether the employer has the authority to control or direct the employee's activities, the Court finds that Plaintiff has presented evidence in support of his contention that WFC may be considered his joint employer.[6]

Moreover, whether Plaintiff pleaded sufficient facts to establish that WFC is Plaintiff's joint employer in the operative Complaint is not dispositive; regardless, Defendants have not met their "burden of establishing that Plaintiff is incapable of amending [his] Complaint to state a valid claim against WFC on a joint-employer theory." *Gebran v. Wells Fargo Bank, N.A.*, No. CV 16-07616 BRO (MRWx), 2016 WL 7471292, at *8 (C.D. Cal. Dec. 28, 2016). "[A] defendant must essentially show that the plaintiff cannot assert a claim against the non-diverse party as a matter of law." *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-cv-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013). And at this stage, the "court must evaluate the factual allegations and evidence in the light most favorable to the plaintiff." *Id.* As Plaintiff has presented some evidence that WFC could be Plaintiff's joint employer, construing this evidence in Plaintiff's favor, Defendants have failed to carry their "heavy burden of

---

[5] The cited page numbers for this Exhibit correspond to the ECF page number as Ms. Sepler-King's Exhibit B is not separately paginated.

[6] In addition, Plaintiff's performance evaluation includes references to "WFCC." (*See* Sepler-King Decl., Ex. B at 9, 15; Kerwin Decl., Ex. 7 at 56, 62.) It is not clear what entity "WFCC" represents and whether this entity is part of WFC or suggests that WFC was Plaintiff's employer. To the extent the evidence is unclear or in dispute, however, at this stage the Court must draw inferences in favor of Plaintiff. *See Molina v. Pacer Cartage, Inc.*, 47 F. Supp. 3d 1061, 1063 (S.D. Cal. Sept. 17, 2014) ("[A]ny doubts must be resolved against jurisdiction and in favor of remand."). Thus, as these references to WFCC *may* strengthen Plaintiff's argument that WFC is his joint employer, the Court finds that this casts further doubt on Defendants' contention that WFC is a sham defendant.

Case 2:17-cv-00887-BRO-AJW Document 15 Filed 03/29/17 Page 10 of 11 Page ID #:394

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

demonstrating the improper joinder by clear and convincing evidence." *Id.*; *see also Rader*, 941 F. Supp. 2d at 1194 ("The defendant must demonstrate that plaintiff has no possibility of establishing a cause of action in state court against the sham defendant.").

Defendants argue this case is analogous to *Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911 (N.D. Cal. 2015), another case involving WFB and WFC where the court held that the plaintiff failed to establish that WFC was his employer. (*See* Opp'n at 5–6.) The Court disagrees. In *Vasquez*, the plaintiff offered: (1) "*no* specific facts showing that Wells Fargo & Company exercised control over Plaintiff's work activities"; (2) no facts that Wells Fargo & Company was his joint employer; and, (3) only "alleged that Wells Fargo & Company owns a significant share" in Wells Fargo. *Vasquez*, 77 F. Supp. 3d at 923 (emphasis in original). In fact, in *Vasquez*, the plaintiff was not arguing that WFB and WFC were joint employers, but instead proceeded "under a conspiracy theory on the basis that the two entities [were] engaged in a joint enterprise." *Id.* ("Wells Fargo Bank, N.A. has offered evidence that it is the employer of the Home Mortgage Consultants, and that Wells Fargo & Company is simply a holding company that owns shares of Wells Fargo Bank, N.A. Plaintiff does not dispute these facts; nor does he offer any evidence or allege any facts that suggest that Wells Fargo & Company should be liable for unpaid wages under an alter ego theory or as a joint employer."). Thus, *Vasquez* is inapposite.

Additionally, Defendants argue Plaintiff's alleged exhaustion of the FEHA requirements prior to filing this action "does not support that Plaintiff can possibly state a claim against Wells Fargo & Company." (Opp'n at 7.) Defendants are incorrect. A plaintiff must exhaust his administrative remedies before bringing his FEHA claims in a civil action. *See Wills v. Superior Court*, 195 Cal. App. 4th 143, 153 (Cal. Ct. App. 2011) ("Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies with DFEH."). Therefore, if Plaintiff had not exhausted his administrative remedies as to WFC, then he could not state a claim against it. But here, Plaintiff filed a DFEH complaint against WFC and received a Notice of Case Closure and a Right to Sue Letter. (*See* Compl. ¶ 9; Kerwin Decl., Ex. 8.) Therefore, Plaintiff is not barred from bringing a claim against WFC based on a failure to exhaust administrative remedies.

In sum, because Defendants cannot establish that, after resolving "all disputed questions of fact . . . in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned," the Court finds that WFC is not a sham

Case 2:17-cv-00887-BRO-AJW Document 15 Filed 03/29/17 Page 11 of 11 Page ID #:395

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | CV 17-00887 BRO (AJW) | Date | March 29, 2017 |
|---|---|---|---|
| Title | KELVIN JANKINS V. WELLS FARGO BANK, N.A. ET AL | | |

defendant. *Padilla*, 697 F. Supp. 2d at 1158. Accordingly, the Court considers its citizenship for diversity jurisdiction purposes. Under 28 U.S.C. § 1332, to establish diversity jurisdiction, all the plaintiffs must be diverse from all the defendants. *See* 28 U.S.C. § 1332. As it is undisputed that WFC's principal place of business is in California, WFC is a California resident for diversity jurisdiction purposes. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) ("For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business."). Plaintiff is also a California resident. (*See* Compl. ¶ 2.) As a result, complete diversity is lacking in this case.[7]

### B. Plaintiff's Request for Attorney's Fees

Plaintiff requests that the Court award attorneys' fees because Defendants' removal was improper. (*See* Mot. at 6.) "Absent unusual circumstances," the Court awards attorneys' fees pursuant to 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Though the Court holds removal was improper here, Defendants had a reasonable basis for believing removal of the action was proper as Defendants presented compelling arguments that WFC might be a sham defendant. Therefore, the Court **DENIES** Plaintiff's request for attorneys' fees.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Defendants failed to sufficiently establish fraudulent joinder and the complete diversity requirement is not satisfied in this case. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand but **DENIES** its request for attorneys' fees. The Court VACATES the hearing set for Monday, April 3, 2017.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |

---

[7] Because the diversity requirement is not met, the Court need not address whether the amount in controversy exceeds $75,000.